IT IS HEREBY ORDERED
AS DESCRIBED BELOW.

DATED: August 19, 2011



_____
Honorable James E. Shapiro
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re: Todd A. Brunner and
Sharon Y. Brunner,

Case No. 11-29064-jes
(Chapter 11)

Debtors.

ORDER REGARDING MOTION OF THE UNITED STATES TRUSTEE
TO DISMISS CASE

The United States Trustee filed a motion to dismiss this case. A hearing on the motion was held on August 15, 2011, and the appearances were noted on the record. The United States Trustee and the Debtors submitted a proposed resolution of the Motion. After considering the arguments of counsel and after reviewing and modifying the proposed terms,

Law Offices of Jonathan V. Goodman
135 West Wells Street, Suite 340
Milwaukee, WI 53203
414-276-6760; 414-287-1199 (facsimile)
email: jgoodman@ameritech.net

IT IS HEREBY ORDERED,

1. By not later than **September 1, 2011,** the Debtors shall file with the Court the following:

    a. With respect to real property owned by the Debtors (other than vacant land without improvements or properties that have damaged improvements that render them uninsurable) (including real properties owned by the Debtors through legal entities or are titled in a name other than Debtors), the Debtors shall file with the Court proof of insurance in the form of certificates of insurance reflecting that all of such properties covered by fire and casualty insurance in the amount of a $10,000,000.00 blanket with a $25,000.00 deductible, and that Todd Brunner is the named insured on the policies. The Debtors shall also file an affidavit listing all of such real property owned (including real properties owned by the Debtors through legal entities, or are otherwise not in the Debtors' name).

    b. With respect to all real property owned by the Debtors (including properties owned by the Debtors through legal entities, or those properties that are titled in a name other than the Debtors) that such properties are covered under liability insurance with limits of

$1,000,000.00 for each occurrence and $2,000,000.00 in the aggregate. Debtors shall be named insureds on such policies.

c. The Debtors shall file with the Court proof of insurance in the form of certificates of insurance reflecting that each and every vehicle, boat and all personal property is covered by fire and casualty insurance in an amount adequate to protect the estate. In addition, all vehicles or boats that are being operated shall be covered by liability insurance in an amount adequate to protect the estate. The Debtors shall also file an affidavit listing every vehicle and boat owned (including vehicles and boats owned by the Debtors through legal entities) and outlining the insurance coverage on each and every vehicle and boat. Debtors shall be named insureds on such policies.

2. In the event the Debtors fail to comply with the requirements of paragraph #1 by the close of business on September 1, 2011, then on September 2, 2011, the Court will enter an order dismissing this case without further notice or hearing. The Debtors may request the case be converted to Chapter 7 instead of dismissal. In addition, the order dismissing this case shall include a one-year bar to re-filing under 11 U.S.C. § 349 prohibiting the Debtors from

refiling a case under Chapter 11 unless the petition is accompanied by proof of insurance on all assets.

3. The United States Trustee's Motion under 11 U.S.C. §1112(b) is adjourned without a date. If this Chapter 11 case survives beyond September 2, 2011, upon default by the Debtors of any of the terms set forth below, such default shall constitute a ground to dismiss or convert this case to Chapter 7 and the United States Trustee may renew its Motion by so advising the Court in writing and requesting a hearing. In the event a hearing is requested, the Debtors reserve the right to contest whether the case should be dismissed or converted to Chapter 7.

4. Not later than **August 22, 2011,** the Debtors shall provide the U.S. Trustee with a fully-completed and accurate Bank Account Declaration reflecting all bank accounts open prior to the filing of this case, the dates of closure of those accounts (with an explanation for the non-closure of any accounts), and the opening of new Debtors-In-Possession bank accounts.

5. Not later than **August 31, 2011,** the Debtors shall file an amended set of complete and accurate Schedules and Statement of Financial Affairs.

6. With regard to Monthly Operating Reports (MORs), the Debtors shall file the following MORs by the Date Indicated:

a.  The June 2011 MOR by **August 31, 2011;**

    b.  The July 2011 MOR by **September 15, 2011;**

    c.  The August 2011 MOR by **September 30, 2011;** and

    d.  All subsequent MORs to be filed by the 30th day of the month following the month being reported.

7.  With regard to quarterly fees owed to the U.S. Trustee, the Debtors shall pay the fees due for the 2nd quarter by not later than **August 31, 2011.** Thereafter all quarterly fees shall be paid when due.

8.  Not later than **September 30, 2011,** the Debtors shall file an amended report pursuant to F.R.B.P. 2015.3 (Form B-26).

9.  Not later than **November 15, 2011,** the Debtors shall file a plan and disclosure statement.

# # # # #