**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

In re: TODD A. BRUNNER and
SHARON Y. BRUNNER

Debtors.

Case No. 11-29064-jes

Chapter 11

---

**CORNERSTONE COMMUNITY BANK'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY REGARDING REAL PROPERTY LOCATED AT:
(A) 408 TERRY LANE, WATERTOWN, WI;
(B) N3018 KOCH ROAD, HEBRON, WI; AND
(C) 2915 S. STIGLER ROAD, NEW BERLIN, WI**

_____

Comes now Cornerstone Community Bank ("Cornerstone"), a secured creditor herein, by its attorneys, Kohner, Mann & Kailas, S.C., and seeks an Order of the Court, pursuant to 11 U.S.C. §§ 362 and Fed. R. Bankr. P. 4001, terminating the automatic stay to enable Cornerstone to enforce and foreclose mortgages against real property located at (a) 408 Terry Lane, Watertown, WI; (b) N3018 Koch Road, Hebron, WI; and (c) 2915 S. Stigler Road, New Berlin, WI. In further support of this Motion, Cornerstone respectfully states as follows:

1. On June 5, 2011 (the "Petition Date"), the Debtors filed their voluntary petition for relief under Chapter 11 of the Bankruptcy Code with this Court.

2. This Court has jurisdiction over this Chapter 11 case under 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This matter is a core proceeding under 28 U.S.C. § 157 and venue in this Court is proper under 28 U.S.C. § 1409.

Samuel C. Wisotzkey
Kohner, Mann & Kailas, S.C.
4650 N. Port Washington Rd.
Milwaukee, WI 53212-1059
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
Email: swisotzkey@kmksc.com

3. On or about May 25, 2010, Debtor Todd Brunner executed a Business Credit Agreement (the "BCA") whereby he was able to obtain revolving business loans from Cornerstone up to the maximum aggregate principal sum of $375,000.00. Debtor promised to repay the loans evidenced by the BCA, plus interest at a variable rate initially set at six percent (6.0%).

4. Repayment of the BCA was secured (a) by first mortgages on real estate and improvements located in Jefferson County commonly known as 408 Terry Lane, Watertown, Wisconsin ("Terry Lane") and N3018 Koch Road, Hebron, Wisconsin ("Koch Road"); and (b) by, among other things, a second mortgage in the amount of $50,000 on real estate and improvements located in Waukesha County commonly known as 2915 S. Stigler Road, New Berlin, Wisconsin ("Stigler Road", and collectively with Terry Lane and Koch Road, the "Collateral"). Copies of the BCA and the first mortgages on Terry Lane and Koch Road, and the second mortgage on Stigler Road are attached hereto as group **Exhibit A,** and are incorporated herein by reference.

5. As of June 16, 2011, Cornerstone was owed $408,029.25 pursuant to the BCA, plus interest on the principal portion of $400,765.70 from June 16, 2011 until paid, plus costs and attorneys' fees as allowed by the BCA and mortgages. The amounts set forth in this paragraph include payments by Cornerstone of more than $31,000 for unpaid property taxes on Terry Lane and Koch Road, which Debtors failed to pay going back to 2007.

6. On or about May 25, 2010, Debtor Todd Brunner also executed a Business Note (the "Stigler Note") whereby he promised to pay Cornerstone the principal sum of $87,281.64, plus interest at a fixed rate of six and one-half percent (6.50%).

7. Repayment of the Stigler Note was secured by a first mortgage on Stigler Road. Copies of the Stigler Note and the first mortgage on Stigler Road are attached hereto as group **Exhibit B,** and are incorporated herein by reference.

8. As of June 16, 2011, Cornerstone was owed $102,196.02 pursuant to the Stigler Note, plus interest on the principal portion of $100,349.07 from June 16, 2011, until paid, plus costs and attorneys' fees as allowed by the Stigler Note and mortgage. The amounts set forth in this paragraph include payments by Cornerstone of almost $15,000 for unpaid property taxes on Stigler Road, which Debtors failed to pay going back to 2007.

9. Cornerstone and Debtors previously reached a temporary agreement for adequate protection payments and use of cash collateral (See Order, Docket no. 107; the "Cornerstone Cash Collateral Order"), but that agreement relates to 5 other properties on which Cornerstone has mortgages, and does not relate to the Collateral. Cornerstone believes that Debtors intend to consent to the relief sought herein, and this motion is without prejudice to Cornerstone's rights to bring additional motions in the future regarding any other properties.

**RELIEF REQUESTED**

10. Cornerstone respectfully requests that the Court enter an Order terminating the stay of proceedings under 11 U.S.C. § 362 so as to allow the enforcement of the above-described loan documents and mortgages against the Collateral because the interests of Cornerstone in the Collateral are not being adequately protected pursuant to 11 U.S.C. § 362(d)(1) as (i) the BCA and the Stigler Note were due in full prior to the Petition Date and Debtors are not making any payments on these obligations; (ii) Koch Road and Stigler Road (on information and belief) are not occupied and are not generating any income for Debtors,

3

Case 11-29064-jes    Doc 131    Filed 09/06/11    Page 3 of 7

(iii) Debtors failed to pay the 2007 through 2010 taxes on the Collateral and are making no effort to escrow for the 2011 taxes, and (iv) there is no equity in the Collateral to provide protection to Cornerstone's mortgage lien interests.

11. Prior to the Petition Date, Cornerstone declared defaults under the BCA and the Stigler Note due to the Debtors' failure to pay property taxes, among other grounds. Accordingly, Cornerstone commenced foreclosure actions (a) in Jefferson County regarding Terry Lane (11-CV-342) and Koch Road (11-CV-336) and (b) in Waukesha County regarding Stigler Road (11-CV-1395). Those actions are currently stayed due to this bankruptcy filing.

12. While some of Debtors' properties are occupied and generating rents, Cornerstone is informed and believes that Koch Road and Stigler Road are both vacant and generating no rents.

13. In addition, Debtors failed to pay property taxes on the Collateral from 2007 to 2010. To prevent tax foreclosure actions, Cornerstone was forced to advance substantial amounts to pay the taxes owed on the Collateral. While the Debtors are making payments to Cornerstone under the Cornerstone Cash Collateral Order to escrow for some 2011 taxes, those escrow payments do not relate to the Collateral, so no funds for 2011 taxes on the Collateral are being reserved.

14. Furthermore, Cornerstone is entitled to relief pursuant to 11 U.S.C. § 362(d)(2) as Debtors have no equity in the Collateral and the Collateral is not necessary for an effective reorganization.

15. Debtors recently filed amended schedules (Docket no. 122) listing their approximate values for the Collateral as follows: Terry Lane: $147,600.00; Koch Road:

4

Case 11-29064-jes    Doc 131    Filed 09/06/11    Page 4 of 7

$50,000.00; and Stigler Road: $100,000.00. As noted above, the balance owed under the BCA is more than $400,000, far in excess of Debtors' value of Terry Lane and Koch Road, combined. Also, the Stigler Note balance alone exceeds the Debtors' value for Stigler Road, without even considering the additional lien of the $50,000 second mortgage on Stigler Road. Therefore, Debtors have no equity in the Collateral.

16. Moreover, none of these properties are necessary for an effective reorganization. These are three properties out of over 150 properties that Debtors own. Debtors' reorganization efforts will not be impaired in any meaningful way if the stay is lifted and Cornerstone is permitted to complete its foreclosure actions regarding the Collateral.

17. Cornerstone requests that the Court waive the 10-day stay regarding orders granting a motion for relief from automatic stay, as referenced in Federal Rule of Bankruptcy Procedure 4001(a)(3).

WHEREFORE, Cornerstone requests that the Court enter an Order terminating the stay of proceedings under 11 U.S.C. § 362, so as to allow Cornerstone (and its principals, successors, assigns and/or the holder of the mortgages) to enforce rights, interests, liens and claims in and against the Collateral, subject to the real estate mortgages described above in accordance with the terms of the above-mentioned loans and mortgages, and applicable state law, including not limited to the foreclosure and sale of the Collateral and the application of the net sale proceeds of the Collateral to the indebtedness owed by Debtors; that any Order entered pursuant to this motion be effective immediately upon its entry; and such further relief as is just and equitable.

5

Dated: September 6, 2011.

                KOHNER, MANN & KAILAS, S.C.
                Attorneys for Cornerstone Community Bank


                By:    /s Samuel C. Wisotzkey
                        Samuel C. Wisotzkey
                        Wis. Bar No. 1029537

<u>Post Office Address</u>:
Washington Building
4650 North Port Washington Road
Milwaukee, WI 53212
Telephone: (414) 962-5110
Facsimile: (414) 962-8725
Email: swisotzkey@kmksc.com

**CERTIFICATE OF NO INTENT TO FILE A BRIEF**

Samuel C. Wisotzkey, one of the attorneys for Cornerstone, states that Cornerstone does not intend to file a brief with this Motion. Cornerstone, however, reserves the right to file a brief should a party in interest object to this Motion or file a brief in opposition to this Motion.

_Samuel C. Wisotzkey_