# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| **In re: Todd A. Brunner and** | **Case No. 11-29064-jes** |
| **Sharon Y. Brunner,** | **(Chapter 11)** |
| **Debtors.** | |

## MOTION OF THE UNITED STATES TRUSTEE TO COMPEL DEBTOR TO SEPARATELY ACCOUNT FOR PROPERTY OF THE BANKRUPTCY ESTATE AND SUPPLEMENT THEIR AMENDED JUNE MONTHLY OPERATING REPORT

Now comes the United States Trustee, by Attorney Debra L. Schneider, who moves this Court to compel Todd A. and Sharon Y. Brunner (Debtors) and Guardian to separately account for property of the bankruptcy estate, supplement their Amended June Monthly Operating Report and to provide the underlying supporting financial data so that the Court, creditors and the Office of the United States Trustee can properly monitor this case. The United States Trustee further requests that subsequent monthly operating reports comply, as well.

In support of this Motion, the United States Trustee asserts as follows:

1. Debtors, Todd and Sharon Brunner, commenced this Chapter 11 bankruptcy on June 5, 2011.

2. The United States Trustee held the initial Debtor's Conference on June 15, 2011.

3. At the conference the United States Trustee's Office explained the Chapter 11 operating requirements to the Debtors, including the requirement to timely file complete and accurate monthly operating reports.

Attorney Debra L. Schneider
Office of the United States Trustee
517 E. Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
(414) 297-4499 / (fax) (414) 297-4478

4. The first Monthly Operating Report was due on July 15, 2011 but was not timely filed.

5. Following the August 19, 2011, hearing on the United States Trustee's Motion to Dismiss this case, the Debtors, on August 22, 2011, filed their June Monthly Operating Report. Docket No. 117.

6. Subsequently, on August 31, 2011, the Office of the United States Trustee sent a letter to Debtors' counsel advising that the June 2011 Monthly Operating Report was incomplete.

7. On September 2, 2011, Counsel for the Debtors responded to the correspondence and advised that many of these matters would be corrected.

8. On September 15, 2011, an Amended June Monthly Operating Report was filed. Docket No. 146.

9. The Amended June Report addressed some of the concerns of counsel for the United States Trustee, but not all of them. The concerns of the Office of the United States Trustee and the responses of Debtors' counsel are set forth below.

## Bank Statements/Separate Accounting

10. First, the United States Trustee noted that copies of bank statements for eight (8) pre-petition accounts that were open in June, 2011 were not submitted. In response, Debtors' counsel provided copies of six (6) pre-petition bank account statements; however, only one of the statements provided was for the month of June 2011 (Tri-City National Bank). The United States Trustee requests an order compelling Debtors to provide copies of bank statements that reflect the balances of all of the open pre-petition accounts as of the date of filing. In addition, all pre-

2

Case 11-29064-jes    Doc 151    Filed 09/16/11    Page 2 of 6

petition bank accounts should be closed. If any pre-petition accounts remain open during the pendency of this bankruptcy case, the United States Trustee must be provided with current bank statements for these accounts.

11. Second, the United States Trustee noted that a copy of the bank statement for funds being held by Guardian Investment was not submitted. These are funds of the bankruptcy estate. In response, Debtors' counsel advised that "Guardian has one account for all of its customers and therefore supplying you with a bank account would not be practical."

12. In other words, the funds of the bankruptcy estate are being co-mingled with other properties managed by Guardian. It is unacceptable for a bankruptcy estate of this size, with approximately 204 properties, to fail to provide an accounting. Guardian must be required to open a separate account for the funds it holds in trust and provide this Court with bank statements and a separate accounting for all money of the estate that it is holding. *See* e.g. 11 U.S.C § 345. Furthermore, the June report did not contain a separate report from Guardian reflecting the status of any unpaid rent, rent receipts, disbursements or accounts payable. The United States Trustee seeks an order compelling Guardian to comply with its fiduciary duties.

13. Third, the United States Trustee questioned why Page 1 of the June Monthly Operating Report indicated that the Personal DIP account #0623 was not reported. Page 1 of Docket No. 117 notes, "There is a problem obtaining information" on this account "and, therefore, this report does not include the transactions from this personal DIP account." Debtors' counsel subsequently advised the Office of the United States Trustee that a June bank statement for this account was never

generated by Chase. However, the absence of a bank statement should not have prevented the Debtors from reporting the transactions and cash balance of this account from a checkbook record. The Amended June Monthly Operating Report did not provide this information. Rather, the Amended Report merely removed the note from the bottom of Page 1. The United States Trustee seeks an order compelling Debtors to provide a copy of the June bank statement or some form of accounting for their personal account.

### Property Management

14. The United States Trustee noted that there are no dates or check numbers listed on the Disbursement List. Counsel for the Debtors responded that they will "attempt to provide" the requested information. The Amended June Monthly Operating Report also does not reflect this information. The United States Trustee seeks an order compelling Debtors to supplement their June Monthly Operating Report to provide this information.

15. Further, the Amended June MOR shows cash payments for "labor" totaling $3,180.00. The Debtors need to explain these cash payments and why they are not using their DIP accounts. In addition, if Guardian is managing the properties why are the Debtors making these cash payments?

### Additional Concern

16. The Tax Questionnaire on the first June MOR reflected overdue post-petition taxes totaling $1.8 million. Counsel for the Debtors responded that there are no post-petition taxes overdue and they will change that, as well. The Amended June Report now indicates zero in all tax categories including amounts accrued, paid and

overdue. At a minimum, one would assume real estate taxes are accruing. Furthermore, the Debtors need to clarify whether the "labor" payments, referenced in paragraph 15 above, have payroll tax implications.

17. At the third adjourned section 341 meeting of creditors Mr. Brunner testified that the concerns of the United States Trustee as outlined above had not been shared with him by his attorney. He hesitated when asked whether he had signed the Monthly Operating Report. In addition, when asked whether he reviewed it before signing Mr. Brunner implied that he had not. And when asked whether he understood that he was making representations to the court when he signs a Monthly Operating Report he stated that "it was late coming from the property manager" and that the property manager is "lacking in doing his job".

18. If the Debtors fail to provide accurate ongoing financial data it is impossible for the United States Trustee and creditors to review and monitor the financial status and operations of the Debtors.

19. The United States Trustee seeks an order requiring Guardian to open a separate account for the funds it holds in trust and provide this Court with bank statements and a separate accounting for all money of the estate that it is holding.

20. Further, the United States Trustee seeks an order compelling the Debtors to promptly supplement the June and July Monthly Operating Reports to address the concerns outlined above and to timely file full, complete and accurate future Monthly Operating Reports.

### III. CONCLUSION

WHEREFORE, the United States Trustee requests the Court enter an order compelling Guardian to open a separate account for the funds it holds in trust and provide this Court with bank statements and a separate accounting for all money of the estate and compelling Debtors to supplement their Monthly Operating Reports. The United States Trustee does not intend to file a brief in connection with this pleading, but reserves the right to file a responsive brief if necessary.

Dated: September 16, 2011

PATRICK S. LAYNG
UNITED STATES TRUSTEE


/S/_____
DEBRA L. SCHNEIDER
Attorney for the United States Trustee