# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re: Todd A. Brunner and Sharon Y. Brunner, | Case No. 11-29064-jes (Chapter 11) |
| Debtors. | |

## UNITED STATES TRUSTEE'S OBJECTION TO FIRST INTERIM APPLICATION FOR ALLOWANCE OF FEES AND COSTS OF ACCOUNTANT, CLIFF DECKER

NOW COMES the United States Trustee, by Debra L. Schneider, Attorney for the United States Trustee, who submits this objection to the First Interim Application for Fees and Costs of Accountant Cliff Decker and in support of this objection states as follows:

1. On July 8, 2011, the Debtors filed an application to employ Cliff Decker as their accountant in this proceeding. Docket No. 64.

2. The application states that "Debtors have selected Cliff Decker to prepare their Monthly Operating Reports, and their 2009 and 2010 tax returns." Docket No. 64, ¶ 2.

3. The Applicant now seeks interim fees in the amount of $3,736.25. Docket No. 134. Time records are attached to the application; however, much of the work detailed in the application for interim allowance of fees does not appear to be related to preparation of monthly operating reports or taxes. Rather, it appears to be related to preparation of Schedules.

4. Further, the June Monthly Operating Report ("MOR") indicates that Attorney Jonathan Goodman was the preparer of the report, not Cliff Decker. *See* Docket No. 117, Page 11 of 18. Under section 330(a)(3) and (4), compensation may not be awarded for

Debra L. Schneider
Attorney for the United States Trustee
517 East Wisconsin Ave., Suite 430
Milwaukee, WI 53202
Phone (414) 297-4499;Fax (414) 297-4478

unnecessarily duplicative services, services that were not reasonably likely to benefit the estate or services that were not necessary to the administration of the case. The Applicant should not be paid if he is not, in fact, doing the work for which he was hired.

5. In addition, as outlined in the United States Trustee's Motion to Compel the Debtors to Supplement their Amended June Monthly Operating Report (Docket No. 151), it is apparent that the June MOR is inadequate.

6. The United States Trustee questions whether value was provided for the services rendered and puts the applicant to his burden of proof.

WHEREFORE, the United States Trustee requests that the Court deny the application in light of the issues raised above. The United States Trustee does not intend to file a brief in connection with this pleading but reserves the right to file a responsive brief or pleading if necessary.

Dated this 16th day of September, 2011.

PATRICK S. LAYNG  
United States Trustee

  /s/  
DEBRA L. SCHNEIDER  
Attorney for the United States Trustee