# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

In re: Todd A. Brunner and                                 Case No. 11-29064-jes
      Sharon Y. Brunner,                                      (Chapter 11)

              Debtors.

## MOTION BY THE UNITED STATES TRUSTEE FOR THE PRODUCTION OF DOCUMENTS AND EXAMINATION UNDER RULE 2004

NOW COMES the United States Trustee, by Attorney Debra L. Schneider, who moves the Court pursuant to Rule 2004, Fed. R. Bankr. P., for an order, *duces tecum*, to examine Todd A. Brunner and Sharon Y. Brunner, and who in support of this motion states as follows:

1. This motion is being made on an *ex parte* basis, which is permissible. *See* 1993 Advisory Committee Note to Fed. R. Bankr. P. 2004.

2. The Debtors, Todd and Sharon Brunner, commenced this Chapter 11 bankruptcy on June 5, 2011.

3. This Chapter 11 bankruptcy estate has approximately 204 properties.

4. The Debtors have not filed tax returns for 2009 or 2010.

5. The Statement of Financial Affairs, Question No. 1, only sets forth the gross income of Debtor Sharon Y. Brunner and fails to set forth the gross income of Todd A. Brunner.

6. The Statement of Financial Affairs, Question No. 10, lists over ninety-three (93) transfers of real property in the two years prior to commencement of this case.

Attorney Debra L. Schneider
Office of the United States Trustee
517 E. Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
(414) 297-4499 / (fax) (414) 297-4478

7. The Statement of Financial Affairs, Question No. 10, does not list any personal property that was transferred in the two years prior to commencement of this case even though Debtor, Todd A. Brunner, testified at the section 341 meeting of creditors that cars and boats were also transferred during the relevant time period.

8. The United States Trustee seeks to examine Todd A. Brunner and Sharon Y. Brunner to investigate the nature of property transfers, the disposition of assets and to inspect their books, records and bank accounts.

9. The United States Trustee further wishes to investigate the deficiency of assets to meet liabilities and to examine the Debtors regarding their financial situation prior to filing for bankruptcy.

10. The United States Trustee may also inquire about any matter permissible under Fed. R. Bankr. P. 2004(b), including the Debtors' acts, conduct, property, assets, liabilities, financial condition, and any matter which may affect the administration of the Debtors' estate, and any matter which may relate to the operation of any businesses.

11. The United States Trustee seeks the following documentation:

    a. Copies of all financial records for all personal **and** business checking, savings, or other banking accounts (to include accounts in which the Debtors may not be named on the accounts, but may have access to, or is/are (an) authorized user(s) of the accounts), to include copies of all monthly bank statements, check registers, receipts, disbursements, and ledgers that the Debtors had for the time period of June 1, 2009, through the present, **to include, but not limited** to the following institutions:
        i. Tri City National Bank;
        ii. Chase;
        iii. Waterstone;
        iv. Lincoln State Bank;
        v. North Shore Bank;
        vi. Harris;
        vii. Layton;
        viii. Anchor Bank;
        ix. Continental Savings;

|   |   | x. | Cornerstone Community Bank; |
|---|---|---|---|
|   |   | xi. | Legacy; |
|   |   | xii. | First Business Bank; |
|   |   | xiii. | Securant; |
|   |   | xiv. | Investors Bank; |
|   |   | xv. | Seaway Bank & Trust; |
|   |   | xvi. | Westbury Bank |

    b.    Names and contact information for any person or business involved in borrowing money from or lending money to the Debtors in the one year prior to filing, and copies of all records supporting those transactions.

    c.    A list of and copies of all business and financial records for all businesses, partnerships, corporations, or other such business entities established by the Debtors in the past five years; **including, but not limited to**, documents creating the business, partnership agreements, articles of incorporation, bylaws, operating agreements, resolutions, names of business partners, personal notes, ledgers, or other documents.

    d.    A copy of the Debtors' businesses, partnerships, corporations or other such business entities federal and state tax returns for 2009 and 2010, along with all supporting documentation.

    e.    All other documents, including statements, credit applications, correspondence, bank records, original wire transfer requests, personal ledgers, personal accountings, or notes that are related to the Debtor's bank statements.

12.    The United States Trustee requests an order directing Todd A. and Sharon Y. Brunner to provide the requested documents **by October 21, 2011.**

13.    The United States Trustee requests an order directing Todd A. and Sharon Y. Brunner to appear for examination pursuant to Rule 2004 at the following place and time:

    Place:    Office of the United States Trustee
                   517 East Wisconsin Avenue, Suite 430
                   Milwaukee, WI 53202

    Date/time:    **November 8, 2011 at 1 p.m.**
                        (or other mutually agreed upon date)

14. The United States Trustee does not intend to file a brief in connection with this pleading, but reserves the right to file a responsive brief or pleading if necessary.

Dated: September 20, 2010.

                          PATRICK S. LAYNG
                          United States Trustee

                          _/s/_____
                          DEBRA L. SCHNEIDER
                          Attorney for the United States Trustee