UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

In re:

Todd A. Brunner and
Sharon Y. Brunner,

Case No. 11-29064 jes
Chapter 11

Debtors.

**STIPULATION BETWEEN FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER ("FDIC-R") FOR LEGACY BANK AND DEBTORS, TODD A. BRUNNER AND SHARON Y. BRUNNER**

IT IS HEREBY STIPULATED by and between the Debtors and Defendant, Federal Deposit Insurance Corporation, as Receiver ("FDIC-R") for Legacy Bank.

WHEREAS, Legacy Bank is a secured creditor of the Debtors having as collateral seventeen (17) separate properties now owned by the Debtors and part of the Debtors' estate (the "Properties"); and

WHEREAS, prior to the filing of the Petition, the Federal Deposit Insurance Corporation was appointed Receiver for Legacy Bank; and

WHEREAS, the FDIC-R filed a motion to modify the automatic bankruptcy stay with the Court in order to permit the FDIC-R to pursue its foreclosure remedies in state court, and to pursue any other remedies it may have in state court; and

WHEREAS, the parties now have come to an agreement, which will avoid any further litigation with regard to the FDIC-R's motion, and to settle other matters that may be in dispute between the Debtors and the FDIC-R in relation to the properties.

Law Offices of Jonathan V. Goodman
788 North Jefferson Street - Suite 707
Milwaukee, WI 53202
414-276-6760; 414-287-1199 (facsimile)
e-mail: jgoodman@ameritech.net

Page 1 of 4

Case 11-29064-jes    Doc 214    Filed 11/03/11    Page 1 of 4

NOW COME, THEREFORE, the parties agree as follows:

1. With respect to the Motion to Modify the Automatic Bankruptcy Stay:

    a. The FDIC-R shall be entitled to the immediate modification of the Bankruptcy Stay so that it may proceed in state court to obtain any necessary judgments to sell its collateral at judicial sale and to obtain the amounts of deficiencies, if any, as a result of such sales. In connection herewith, after judicial sales and determination of any deficiencies by the FDIC-R, the FDIC-R may file a claim in these proceedings for any deficiencies;

    b. Each party, the FDIC-R and the debtor, shall retain all rentals received from the Properties received from the date of the filing of the Petition herein, June 5, 2011, through September 20, 2011. Any rentals from the Properties received by the Debtors after September 20, 2011, shall be forthwith turned over to the FDIC-R. The FDIC-R and the Debtor waive any and all claims to said rentals against the other party, up through and including September 20, 2011.

    c. The Debtors shall cooperate in all reasonable respects, with the FDIC-R with respect to taking possession of the Properties.

    d. Upon the rendering of this Order, the Debtors may immediately cancel the fire and extended coverage insurance it has on the Properties.

2. With respect to the FDIC-R's claim and intention to file a Motion to appoint a Chapter11 Trustee under 11 United States Code § 1104, the FDIC-R shall at no time during these proceedings, file a motion for the appointment of a Chapter 11 Trustee.

3. With respect to claims by each party against the other:

    a. Debtors agree that they have failed to timely file a Receivership claim with the FDIC and that the FDIC-R is not responsible for the Debtors' alleged claims against the

Page 2 of 4

Case 11-29064-jes    Doc 214    Filed 11/03/11    Page 2 of 4

FDIC-R for the purported $35,000.00 overpayment or the allegation of the debtor relating to the alleged "waste" on the Properties and Debtors agree to waive any rights to raise said claims against the FDIC-R or Legacy Bank, or any assignees thereof, in the future.

        b.      Debtors waive all claims to rents collected by the FDIC-R on the Properties since June 5, 2011, and waive all claims Debtors have or could have raised against the FDIC-R or Legacy Bank in these Bankruptcy proceedings, and such waiver includes claims against their respective employees, agents, attorneys, contractors and representatives.

        c.      The FDIC-R shall make no claims against Debtors for rents collected between June 5, 2011 and September 20, 2011 inclusive.

        4.      Upon the Court approving this Stipulation, Debtors shall turn over to the FDIC-R all files in their possession with respect to the Properties, including written Leases, and rent rolls and Debtors shall otherwise fully cooperate with the FDIC-R and shall provide any information requested by the FDIC-R with respect to the Properties.

        5.      As provided by State and Federal law, the FDIC-R accepts responsibility for violations of Municipal Building Codes with respect to the Properties. In accepting said responsibility, the FDIC-R is neither assuming any responsibility of the Debtors or any other person or party, nor agreeing to increase or expand the scope of its existing responsibilities and liabilities (if any) existing under law.

**THE BALANCE OF THIS PAGE IS LEFT BLANK DELIBERATELY**

LAW OFFICES OF JONATHAN V. GOODMAN
Attorneys for Debtors

By: _____/ss/_____
          Jonathan V. Goodman
Date signed:   November 3, 2011


GONZALEZ, SAGGIO & HARLAN, LLC
Attorneys for Receiver, FDIC

By: _____/ss/_____
          Jeannette M. Conrad
Date signed:   November 3, 2011