**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| In re: Todd A. Brunner and Sharon Y. Brunner, | Case No. 11-29064-jes (Chapter 11) |
| **Debtors.** | |

**MOTION BY THE UNITED STATES TRUSTEE FOR THE PRODUCTION OF DOCUMENTS UNDER RULE 2004 AND REQUEST FOR ORDER DIRECTED TO BANKING INSTITUTIONS**

NOW COMES the United States Trustee, by Attorney Debra L. Schneider, who moves the Court pursuant to Rule 2004, Fed. R. Bankr. P., for an order, *duces tecum*, directed to the banking institutions of the Debtors for the production of documents, and who in support of this motion states as follows:

1. This motion is being made on an *ex parte* basis, which is permissible. *See* 1993 Advisory Committee Note to Fed. R. Bankr. P. 2004.

2. The Debtors, Todd and Sharon Brunner, commenced this Chapter 11 bankruptcy on June 5, 2011.

3. On October 20, 2011, the Court signed an Order directing the Debtors to produce, "[c]opies of all financial records for all personal and business checking, savings, or other banking accounts (to include accounts in which the Debtors may not be named on the accounts, but may have access to, have control of, or is/are (an) authorized user(s) of the accounts), to include copies of all monthly bank statements, check registers, receipts, disbursements, and ledgers that the Debtors had for the time

Attorney Debra L. Schneider
Office of the United States Trustee
517 E. Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
(414) 297-4499 / (fax) (414) 297-4478

Case 11-29064-jes    Doc 239    Filed 11/18/11    Page 1 of 6

period of June 1, 2009, through the present ...." *See* Docket No. 192, ¶ 1(a).

4. Further, the Order stated "[t]he Debtors **shall** make all reasonable efforts and take all necessary steps to obtain requested records. *See* Docket No. 192, ¶ 2. In addition, the Order stated:

If the Debtors are unable to produce the requested records they shall set forth in an affidavit which shall be filed with the Court stating:

   a.  To the extent that the Debtors have knowledge as to missing records,
       i.   Why the records are not available;
       ii.  What happened to the records;
       iii. Why it happened;
       iv.  And who, if anyone, has the records in their possession.

*See* Docket No. 192, ¶ 3.

5. The Court also ordered "[f]or all requested financial records that the Debtors are unable to produce the Debtors shall, subject to review of Debtors' counsel, sign a Right to Financial Privacy Consent Form authorizing the United States Trustee to obtain the records on behalf of the Debtors." See Docket No. 192, ¶ 4.

6. The Debtors did not produce bank statements, check registers, receipts, disbursements and ledgers for any of their personal accounts. No bank statements were provided, and the only ledgers and check registers that were provided were documents related to only one business entity, Investment Specialists.

7. The Debtors failed to comply with paragraph 3 of the October Order requiring them to set forth in an affidavit what records they do not have and the reason they do not have them. Nor did they set forth the efforts they took to try to obtain the requested records.

8. In addition, the Debtors altered the Right to Financial Privacy Consent Form and

limited its scope. *See* attached Exhibit A, "Concent (sic) And Authorization For Access to Financial Records".

9. The Debtors have failed to comply with this Court's October 20, 2011 Order.

10. The United States Trustee now seeks an order from the Court directed to the financial institutions listed below to produce the following documentation upon service of a subpoena and this Court's Order:

   a. Copies of all financial records for all personal **and** business checking, savings, or other banking accounts (to include accounts in which the Debtors may not be named on the accounts, but may have access to, or is/are (an) authorized user(s) of the accounts), to include copies of all monthly bank statements, check registers, receipts, disbursements, and ledgers that the Debtors had for the time period of June 1, 2009, through the present, **to include, but not limited** to the following institutions:
      i. Tri City National Bank;
      ii. Chase;
      iii. Waterstone;
      iv. Lincoln State Bank;
      v. North Shore Bank;
      vi. Harris;
      vii. Layton;
      viii. Anchor Bank;
      ix. Continental Savings;
      x. Cornerstone Community Bank;
      xi. Legacy;
      xii. First Business Bank;
      xiii. Securant;
      xiv. Investors Bank;
      xv. Seaway Bank & Trust;
      xvi. Westbury Bank

   b. All other documents, including statements, credit applications, correspondence, bank records, original wire transfer requests, personal ledgers, personal accountings, or notes that are related to the Debtor's bank statements.

11. The United States Trustee requests an order directing the above named institutions to provide the requested documents **by December 1, 2011.**

3

Case 11-29064-jes    Doc 239    Filed 11/18/11    Page 3 of 6

12. The United States Trustee does not intend to file a brief in connection with this pleading, but reserves the right to file a responsive brief or pleading if necessary.

Dated: November 18, 2011.

                            PATRICK S. LAYNG
                            United States Trustee


                            /s/
                            DEBRA L. SCHNEIDER
                            Attorney for the United States Trustee

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN

---

**In re:** Todd A. Brunner and
Sharon Y. Brunner,

**Debtors.**

Case No. 11-29064-jes
(Chapter 11)

---

## ORDER DIRECTED TO BANKING INSTITUTIONS

---

Upon consideration of the *Ex Parte* Motion of the United States Trustee for an order, *duces tecum*, directed to the banking institutions of the Debtors for the production of documents,

**IT IS HEREBY ORDERED** that the listed institutions produce the Ordered documents by December 1, 2011 as set forth in this order and the accompanying subpoena:

1. a. Copies of all financial records for all personal and business checking, savings, or other banking accounts (to include accounts in which the Debtors may not be named on the accounts, but may have access to, or is/are (an) authorized user(s) of the accounts), to include copies of all monthly bank statements, check registers, receipts, disbursements, and ledgers that the Debtors had for the time period of June 1, 2009, through the present, **to** include, but not limited to the following institutions:

    i. Tri City National Bank;
    ii. Chase;

Attorney Debra L. Schneider
Office of the United States Trustee
517 E. Wisconsin Avenue, Suite 430
Milwaukee, WI 53202
(414) 297-4499 / (fax) (414) 297-4478

    iii. Waterstone;
    iv. Lincoln State Bank n/k/a BMO Harris;
    v. North Shore Bank;
    vi. Layton;
    vii. Anchor Bank;
    viii. Continental Savings;
    ix. Cornerstone Community Bank;
    x. Legacy;
    xi. First Business Bank;
    xii. Securant;
    xiii. Investors Bank;
    xiv. Seaway Bank & Trust;
    xv. Westbury Bank

  b. All other documents, including statements, credit applications, correspondence, bank records, original wire transfer requests, personal ledgers, personal accountings, or notes that are related to the Debtor's bank statements.

####